

PROB 12C(d)
(03/06)

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

**Petition for Warrant or Summons for Offender Under Supervision**

**FILED**

AUG 2 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

---

**Name of Offender:** Pedro BARRAZA-Aguilar (Spanish)         **Dkt No.:** 08-CR-0812-001-GT

**Reg. No.:** 07287-298

**Name of Sentencing Judicial Officer:** The Honorable Gordon Thompson, Jr., Senior U.S. District Judge

**Date of Sentence:** April 14, 2008

**Original Offense:**  8 U.S.C. § 1326(a), Deported Alien Found in the United States, a Class E felony

**Sentence:** 60 days' custody; 1 year supervised release. *(Special Conditions:  Search; no firearms; not reenter the United States illegally.)*

**Type of Supervision:** Supervised Release         **Date Supervision Commenced:** June 24, 2008

**Asst. U.S. Atty.:** Carlos Cantu                 **Defense Counsel:**  Robert Llewellyn Swain (Appointed)
                                                                      (619) 544-1494

**Prior Violation History:**  None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(d)

Name of Offender: Pedro BARRAZA-Aguilar

August 18, 2008

Docket No.: 08-CR-0812-001-GT

Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                    **ALLEGATION(S) OF NONCOMPLIANCE**

**(Mandatory Condition)**

Not commit another federal, state, or local crime. *(nv1)*

1.  On or about May 23, 2008, Mr. Barraza-Aguilar, a previously deported alien, was found in the United States in violation of 8 U.S.C. § 1326, as evidenced by his conviction in the U.S. District Court, Southern District of California, Docket No. 08-CR-2059-001-JAH.

**(Special Condition)**

If deported, or returned to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States. *(nv35)*

2.  On or about May 23, 2008, Mr. Barraza-Aguilar, a previously deported alien, was found in the United States, as evidenced by his conviction in the U.S. District Court, Southern District of California, Docket No. 08-CR-2059-001-JAH.

***Grounds for Revocation*:**  As to allegations 1 and 2, I received and reviewed the complaint and information, which confirmed the following: On or about May 23, 2008, Mr. Barraza-Aguilar was found illegally in the United States.  Due to limited information, routine records checks on Mr. Barraza-Aguilar revealed a criminal and immigration history.  Mr. Barraza-Aguilar also stated that he was a citizen and national Mexico without valid immigration documents to enter or remain in the United States legally.

Records revealed that Mr. Barraza-Aguilar was deported from the United States on April 18, 2008.

On June 19, 2008, an information was filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-2059-001-JAH, charging Mr. Barraza-Aguilar with a violation of 18 U.S.C. § 1001, False Statement to a Federal Officer.  On August 12, 2008, the offender pled guilty as charged and sentencing was scheduled for September 8, 2008, before U.S. District Judge John A. Houston.

PROB 12C(d)

Name of Offender: Pedro  BARRAZA-Aguilar                                     August 18, 2008

Docket No.: 08-CR-0812-001-GT                                                                      Page 3

---

**U.S. Probation Officer Recommendation:**  If found in violation, that supervised release be revoked and the offender be sentenced to 10 months' custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s.  (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)


**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  August 18, 2008**


                                                             Respectfully submitted:

                                                             Mark R. Reinhardt
                                                             Supervising U.S. Probation Officer


Attachments

/pjk

PROB 12C(d)

Name of Offender: Pedro  BARRAZA-Aguilar                                      August 18, 2008

Docket No.: 08-CR-0812-001-GT                                                                    Page 4

## THE COURT ORDERS:

_____✔    A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Western Regional Detention Facility, San Diego, California, under Registration No. 07287-298)

_____    Other _____

_____

_____

The Honorable Gordon Thompson, Jr.                                    8-22-08
Senior U.S. District Judge                                                          Date

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:**  BARRAZA-Aguilar, Pedro

2. **Docket No.** (Year-Sequence-Defendant No.):  08-CR-0812-001-GT

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Deported Alien Found in the United States | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [B]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [I]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:    [12 months]

7. **Range of Imprisonment** (*Custody*) (*See* USSG § 7B1.4(a))
A Grade B violation with a Criminal History Category I establishes an imprisonment range of:    [4-10 months]

8. **Statutory Maximum Term** (*Supervised Release*) (*See* 18 U.S.C. § 3583(b))
If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. In this case, the court has the authority to reimpose a term of:    [12 months]

9. **Recommendation:**    [10 months' custody, consecutive to any other sentence being served. *See USSG § 7B1.3(f)-* w/ no supervised release to follow]

August 18, 2008
Date